**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFERY MCLAUGHLIN, et al.,** : | Civil No. 3:13-CV-16 | |
| : | | |
| **Plaintiffs,** : | | |
| : | (Judge Mariani) | |
| v. : | | |
| : | (Magistrate Judge Carlson) | |
| **FORTY FORT BOROUGH,** : | | |
| et al, : | | |
| : | | |
| **Defendants.** : | | |

**MEMORANDUM ORDER**

I. **Statement of Facts and of the Case**

This case, which has been referred to us for resolution of a number of pretrial motions, is a civil rights action brought by several residents of the Borough of Forty Fort against the borough and a number of private parties. The gravamen of this complaint is a longstanding, and acrimonious, dispute between the plaintiffs and borough officials over a zoning decision by the borough to permit the operation of a Dunkin Donuts restaurant at a location nearby the plaintiffs' home, coupled with what are alleged to have discriminatory failures by local authorities to effectively enforce noise abatement ordinances against this Dunkin Donuts and its patrons.

Currently, the operative pleading in this lawsuit is the plaintiffs' second amended complaint. (Doc. 27.) Following a ruling by the district court on a motion to dismiss, (Doc. 52.), a single claim remains against the borough defendants in this second amended complaint, a "class of one" equal protection constitutional tort claim. The defendants have filed a motion for summary judgment on this sole remaining claim. (Doc. 65.) The plaintiffs, in turn, have moved to strike this summary judgment motion, arguing that it is untimely since it was filed more than 30 days after the initial discovery deadline passed in this case. (Doc. 73.) This motion is fully briefed by the parties, (Docs. 74 and 77.), and is, therefore, ripe for resolution.

For the reasons set forth below, the motion to strike will be denied, and the defendants' response, which we construe to include a *nunc pro tunc* request to file a summary judgment motion, will be granted.

**II.  Discussion**

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

This stated reluctance to strike pleadings is entirely consistent with one of the great animating principles behind the Federal Rules of Civil Procedure, the idea that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for

3

decisions on the merits to be avoided on the basis of . . . mere technicalities." Foman v. Davis, 371 U.S. 178, 181, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). See e.g., Caldwell v. Folino, 394 F. App'x 912, 914 (3d Cir. 2010); Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1186 n. (3d Cir. 1994). Judged by these guideposts, we conclude that the defendants' summary judgment motion should not be stricken simply because it was not filed within the deadlines initially set by the district court, or within 30 days after the close of discovery, as called for by Rule 56(b). While we acknowledge that the plaintiffs are correct when they note that the court's initial case management order, which was never amended, set an October 2013 discovery deadline, and a December 2013 dispositive motion deadline in this case, (Doc. 17.), a strict adherence to these initial deadlines at this stage of the proceedings would ignore the realities of this litigation. In fact, it would have been virtually impossible for the defendants to adhere to this schedule since the plaintiffs' operative pleading in this case, their second amended complaint, was only filed in September 2013, (Doc. 27.), the initial motion to dismiss that complaint was resolved in November 2014, (Doc. 52.), and the defendants' answer to the second amended complaint was not filed until December 23, 2014. (Doc. 59.) Given the actual timetable of this litigation, it would be unrealistic to hold the defendants to the initial case

management schedule since events which transpired after that scheduling order was entered have fundamentally altered the pace of this litigation.

Further, we note that, in their response to this motion to strike the defendants have offered to file a request leave to file this summary judgment motion. (Doc. 77, p. 9.) Mindful of the goal that cases should be resolved on their merits whenever possible, we will treat this response as a motion for extension of time to file a summary judgment motion and grant this request, setting the stage for a resolution of these issues on their merits.

An appropriate order follows.[1]

### III. Order

For the foregoing reasons, the plaintiffs' motion to strike (Doc. 73.), is DENIED. The defendants' response to this motion is construed as a *nunc pro tunc* request to file this dispositive motion out of time and is GRANTED. The plaintiffs shall file a response to the defendants' summary judgment motion within 21 days, and

---

[1] We note that a ruling denying a motion to strike rests within the authority of a magistrate judge under 28 U.S.C. §636. Singh v. Superintending Sch. Comm. of City of Portland, 593 F. Supp. 1315, 1318 (D. Me. 1984)

the defendants may file a reply brief within 14 days of the filing of the plaintiffs' response in opposition to this motion.

So ordered this 1st day of May, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
